# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11263
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO LUIS MARTINEZ-PAZ, also known as Eduardo Martinez, also
known as Eduardo Martinez de Paz, also known as Oscar Villalta,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-592-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Eduardo Luis Martinez-Paz appeals his conviction and sentence for
illegal reentry into the United States after a previous removal. The district
court sentenced him to 45 months of imprisonment and a one-year term of
supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-11263

Martinez-Paz argues that the district court erred in entering a judgment against him under 8 U.S.C. § 1326(b)(2) because the district court sustained his objection to the presentence report's conclusion that he was subject to a 20-year maximum term of imprisonment.  The Government moves to dismiss his appeal on this issue as moot because, during the pendency of the appeal, this court remanded the matter back to the district court for correction of the error. The district court indeed corrected the error by entering an amended judgment to reflect that Martinez-Paz was sentenced under § 1326(b)(1).  Therefore, the relief requested by Martinez-Paz has already been granted, and we grant the Government's motion to dismiss the appeal in part as moot.

In addition, Martinez-Paz challenges his 45-month sentence under § 1326(b)(1).  He contends his sentence is unconstitutional because it violates principles stated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).  He acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve the issue for further review due to indications by the Supreme Court that it may reconsider that decision.  The Government has filed an unopposed motion for summary affirmance in light of *Almendarez-Torres*.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*,

No. 18-11263

759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Thus, Martinez-Paz's argument is foreclosed.

The Government's motions to dismiss the appeal in part as moot and for summary affirmance are GRANTED. Its alternative motion for an extension of time to file a brief is DENIED. Martinez-Paz's appeal is DISMISSED IN PART as moot, and the amended judgment of the district court is AFFIRMED.